Freeman, J.,
delivered the opinion of the court-:
This is an indictment under the act of 1879 [ch. 86] with two counts, the first for unlawfully, knowingly, 'and *108 wantonly killing by whipping and bard driving one horse, the property of Watson, with intent, wantonly to kill and destroy the property of the said party.
The second is for unlawfully, knowingly, and wantonly wounding and injuring and disfiguring a beast, to wit, one horse of the value of $150, the property of said Watson, the said beast not trespassing at the time on the crop and inclosed lands of the said Bethel.
The jury found the defendant guilty on the first count, but not on the second, and fixed the value of the horse at $125. On motion of defendant, the criminal judge arrested the judgment and the state appeals.
The question presented is whether the court properly arrested the judgment. Several grounds axe urged in favor of the correctness of the judgment by the defendant. The main question however is the constitutionality of the acc of 1879. The act is entitled “An act tO' prevent the wilful and wanton killing [of] the stock of another.” This is all of the title. By sec. 17 of art. 2 of constitution of 1870, “no bill shall become a law which embraces more than one subject, that subject to be expressed in the title.”
The first section of this act forbids the wantonly and wil-fully killing, by poison or otherwise, [of] any horse, dog. mare, gelding, etc., the property of another of the value of ten dollars or more, with intent wantonly to destroy his or her property, and makes such killing a misdemeanor, subject to imprisonment not less than one nor more than six months, and also provides the defendant shall pay the party aggrieved the value of such beast, to be ascertained by the jury convicting, etc.
The second section forbids the wantonly killing [of] the beast of another of less value than tea dollars, “or to cut oft' the tongue, ear, or tail, or put out the eye, or otherwise dismember or disfigure or wound any beast of another, or wilfully or knowingly to administer poison,” etc.
These offenses are all punished by imprisonment not less than one nor more than three months, and payment of *109 value of tbe animal or tlie damages sustained, to' be assessed by the jiyry; provided, however, that if the killing or wounding be done while the stock is trespassing on the crops or inclosures of another, such killing is not within the act.
Does the title include the subjects contained in the body of the act'? Does the act include more than one subject; and is that one subject included and expressed in the title?
Is there more than one subject? The title is "An aci. to prevent the wanton and wilful killing • [of] the stock of another.” The first subject [section] meets this and fills the entire measure of the language used. It forbids the killing [of] the animal therein mentioned, and prescribes the penalties to be inflicted. If nothing more had been added, the title would have precisely corresponded with the act, and the act with the title. The title is to prevent the wilful and wanton killing of the stock of another of value of ten dollars or over, and the act in the first section forbids this.
The second section in first clause likewise forbids killing stock, but of less value than ten dollars. But in addition to this it- likewise forbids the cutting off the tongue, ear, or tail, or putting out the eye, or dismembering or even disfiguring or wounding any beast of another, opr giving poison to such animal, etc. The simple question is whether to kill an animal is the same as to wound, dismember, disfigure, or to cut the tail or ear, or put out the eye.
If these things are not killing the beast, then the title does not express the subjects thus embraced and included in this part of the act. These acts not only do not kill, but are not calculated to kill the animal, nor are they so treated in the statute; on the contrary, it is assumed that by these the animal may not be killed, but only damaged, and the damages sustained are to be paid.
We cannot see how this can be held a compliance with the provisions of the constitution without nullifying the *110 provision we have cited. If disfiguring, cutting off ear or tail, or putting out an eye can be in.clu.ded as expressed in tbe title “to prevent wanton and wilful killing,” wby may not larceny, any trespass whatever on tbe stock of another, altering tbe mark, branding, or in fact any or everything that may in any way tend to affect the owner's right, or impair the value of his property? There is no limit that we can see in this matter, unless we confine the rule to the fair meaning of the language of the constitution, and require one subject to be embraced in the act, and that subject to be expressed in the title — language that cannot be made simpler or clearer than it is. As a matter of course, all matters fairly incident to the subject mentioned, and necessary to effectuate that end, will be included in the general terms of a title. But we cannot see how a different subject from the one expressed, making a different offense both on its essential facts and results, can be so included without invalidating the whole act. “No such act shall become a law,” says the constitution; and this is imperative..